1

2

3

4

5

6

7

8

9

10

11                        **IN THE UNITED STATES DISTRICT COURT**

12                    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

13

14   CARLOS GILBERT LAW,                        CASE NO. CV F 06-1061 OWW LJO

15                    Plaintiff,                **ORDER TO DISMISS COMPLAINT WITH
                                                 LEAVE TO AMEND**

16          vs.

17   KENNY BENITEZ,
     et al.,

18

19                    Defendants.
                                        /

20                              **BACKGROUND**

21       Plaintiff Carlos Gilbert Law ("plaintiff") is a state prisoner and proceeds pro se and in forma

22   pauperis in this purported civil rights action under 42 U.S.C. § 1983 ("section 1983"). Plaintiff proceeds

23   with a form section 1983 complaint ("complaint") to allege that defendant Kenny Benitez ("Mr.

24   Benitez"), a Valero gas station clerk, assaulted plaintiff. The complaint also names "Valero Gas Station

25   Owners" as defendants and seeks "money damages from each person held lible [sic]."

26                              **DISCUSSION**

27                        **Standards For Screening**

28       This Court is required to screen complaints brought by prisoners seeking relief against a

                                        1

1  governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). This Court

2  must dismiss a complaint, or portion thereof, which "is frivolous, malicious or fails to state a claim upon

3  which relief may be granted" or "seeks monetary relief from a defendant who is immune from such

4  relief." 28 U.S.C. § 1915A(b)(1) and (2). Moreover, "[a] trial court may dismiss a claim sua sponte

5  under Fed.R.Civ.P. 12(b)(6). . . . Such dismissal may be made without notice where the claimant cannot

6  possibly win relief." *Omar v. Sea-Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987); *see Wong v.*

7  *Bell*, 642 F.2d 359, 361-362 (9th Cir. 1981). Sua sponte dismissal may be made before process is served

8  on defendants. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (dismissals under 28 U.S.C. § 1915(d)

9  are often made sua sponte); *Franklin v. Murphy*, 745 F.2d 1221, 1226 (9th Cir. 1984) (court may dismiss

10  frivolous in forma pauperis action sua sponte prior to service of process on defendants).

11       When a plaintiff proceeds in forma pauperis, a Court, notwithstanding any filing fee that may

12  have been paid, shall dismiss a case at any time if the court determines the action is frivolous, malicious,

13  fails to state a claim on which relief may be granted, or seeks monetary relief against an immune

14  defendant. *See* 28 U.S.C. § 1915(e); 2 Schwarzer, Tashima & Wagstaffe, California Practice Guide:

15  Federal Civil Procedure Before Trial (2006) Attacking the Pleadings, para. 9:226.1, pp. 9-69. A court

16  need not accept as true factual allegations in in forma pauperis complaints and may reject "completely

17  baseless" allegations, including those which are "fanciful," "fantastic" or "delusional." *Denton v.*

18  *Hernandez*, 504 U.S. 25, 32, 112 S.Ct. 1728, 1733 (1992).

19       A claim is legally frivolous when it lacks an arguable basis either in law or fact. *Neitzke,* 490

20  U.S. at 325; *Franklin*, 745 F.2d at 1227-1228. A federal court may dismiss a claim as frivolous where

21  it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.

22  *Neitzke*, 490 U.S. at 327.

23       The test for maliciousness is a subjective one and requires the court to "determine the . . . good

24  faith of the applicant." *Kinney v. Plymouth Rock Squab Co.*, 236 U.S. 43, 46 (1915); *see Wright v.*

25  *Newsome*, 795 F.2d 964, 968 n. 1 (11th Cir. 1986). A lack of good faith is found most commonly in

26  repetitive suits filed by plaintiffs who have used the advantage of cost-free filing to file a multiplicity

27  of suits. A complaint is malicious if it suggests an intent to vex defendants or abuse the judicial process

28  by relitigating claims decided in prior cases. *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981);

2

1  *Phillips v. Carey*, 638 F.2d 207, 209 (10th Cir. 1981); *Ballentine v. Crawford*, 563 F.Supp. 627, 628-629

2  (N.D. Ind. 1983); *cf. Glick v. Gutbrod*, 782 F.2d 754, 757 (7th Cir. 1986) (court has inherent power to

3  dismiss a case demonstrating "clear pattern of abuse of judicial process"). A lack of good faith or malice

4  also can be inferred from a complaint containing untrue material allegations of fact or false statements

5  made with intent to deceive the court. *See Horsey v. Asher*, 741 F.2d 209, 212 (8th Cir. 1984).

6        A complaint, or portion thereof, may be dismissed for failure to state a claim if it appears beyond

7  doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to

8  relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41,

9  45-46, 78 S.Ct. 99 (1957)); *see also Palmer v. Roosevelt Lake Log Owners Ass'n*, 651 F.2d 1289, 1294

10  (9th Cir. 1981). "[W]hen a federal court reviews the sufficiency of a complaint, before the reception of

11  any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not

12  whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to

13  support claims." *Scheurer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 1688 (1974); *Gilligan v. Jamco*

14  *Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).

15        As further explained below, the complaint demonstrates that plaintiff is entitled to offer no

16  evidence for its vague, deficient claims.

17  **General Deficiencies**

18  F.R.Civ.P. 8 establishes general pleading rules and provides in pertinent part:

19        (a) Claims for Relief. A pleading which sets forth a claim for relief . . . shall
contain (1) a short and plain statement of the grounds upon which the court's jurisdiction

20  depends, unless the court already has jurisdiction and the claim needs no new grounds
of jurisdiction to support it, (2) a short plain statement of the claim showing that the

21  pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader
seeks.

22

23        . . .

24        (e)    Pleading to be Concise and Direct; Consistency.

25        (1)    Each averment of a pleading shall be simple, concise and direct.

26        A pleading may not simply allege a wrong has been committed and demand relief. The

27  underlying requirement is that a pleading give "fair notice" of the claim being asserted and the "grounds

28  upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47-48, 78 S.Ct. 99, 103 (1957); *Yamaguchi v.*

1   *United States Dept. of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997). Although a complaint need not

2   outline all elements of a claim, "[i]t must be possible . . . for an inference to be drawn that these elements

3   exist." *Walker v. South Cent. Bell Telephone Co.*, 904 F.2d 275, 277 (5th Cir. 1990); *Lewis v. ACB*

4   *Business Service, Inc.*, 135 F.3d 389, 405-406 (6th Cir. 1998). Despite the flexible pleading policy of

5   the Federal Rules of Civil Procedure, a complaint must give fair notice and state the elements of the

6   claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).

7   A plaintiff must allege with at least some degree of particularity overt facts which defendant engaged

8   in to support plaintiff's claim. *Jones*, 733 F.2d at 649.

9        Plaintiff's complaint lacks a short, plain statement of this Court's jurisdiction. Although plaintiff

10   proceeds on a form 1983 complaint, as discussed below, the complaint fails to satisfy section 1983

11   requirements. This Court surmises plaintiff refers to section 1983 as a subterfuge to attempt to invoke

12   this Court's jurisdiction. The complaint establishes neither federal question jurisdiction under 28 U.S.C.

13   § 1331 nor diversity jurisdiction under 28 U.S.C. § 1332. The complaint fails to allege all elements of

14   either a section 1983 or state tort  claim to demonstrate plaintiff is entitled to relief.

15        Moreover, in personam jurisdiction is required when a judgment is sought as to a defendant

16   personally. Personal jurisdiction is an essential element of a court's jurisdiction and without it, a court

17   "is powerless to proceed to an adjudication." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 119 S.Ct.

18   1563, 1572 (1999). "Because a court without jurisdiction over the parties cannot render a valid

19   judgement, [the court] must address Defendants' personnel jurisdiction argument before reaching the

20   merits of the case." *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1090 (10th Cir.

21   1998).

22        Federal courts lack nationwide personal jurisdiction and have no broader power over persons

23   outside the state in which they sit than do local state courts. *Omni Capital Int'l v. Rudolph Wolff & Co.,*

24   *Ltd.*, 484 U.S. 97, 104-105, 108 S.Ct. 404, 410 (1987); *see* F.R.Civ.P. 4(k)(1)(A).

25        In addition to not establishing subject matter jurisdiction, the complaint fails to establish in

26   personam jurisdiction over defendants. In the absence of subject matter or in personam jurisdiction, this

27   Court is unable to proceed on plaintiff's claims.

28   / / /

1          **The Complaint's Section 1983 Deficiencies**

2          Plaintiff proceeds on a form complaint under section 1983, which provides:

3          Every person who, under the color of [state law] . . . subjects, or causes to be subjected,
           any citizen of the United States . . . to the deprivation of any rights, privileges, or
4          immunities secured by the Constitution . . . shall be liable to the party injured in an action
           at law, suit in equity, or other proper proceedings for redress.

5

6    42 U.S.C. § 1983.

7          To state a section 1983 claim, a plaintiff must plead that: (1) defendant acted under color of state

8    law at the time the complained of act was committed; and (2) defendant deprived plaintiff of rights,

9    privileges or immunities secured by the Constitution or laws of the United States. *Gibson v. United*

10   *States,* 781 F.2d 1334, 1338 (9th Cir. 1986). The complaint fails to state colorable claims against a

11   defendant. The complaints fails to a allege defendant acted under color of state law. The complaint

12   points to no constitutional right of which a defendant deprived plaintiff.

13         Moreover, section 1983 requires that there be an actual connection or link between the actions

14   of defendant and deprivation allegedly suffered. *See Monell v. Department of Social Services*, 436 U.S.

15   658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit Court of Appeals has held that "[a]

16   person 'subjects' another to deprivation of a constitutional right, within the meaning of section 1983,

17   if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which

18   he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*,

19   588 F.2d 740, 743 (9th Cir. 1978). The complaint fails to satisfy the linking requirement as to a

20   defendant and to articulate how a defendant deprived plaintiff of constitutional rights and resulting harm.

21         Municipalities and other local government units are persons to whom section 1983 applies.

22   *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 690 (1978); *see also Board of County Comm'rs v.*

23   *Brown*, 117 S.Ct. 1382, 1387-1388 (1997); *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir.

24   1996), *cert. denied*, 117 S.Ct. 950 (1997); *Hervey v. Estes*, 65 F.3d 784, 791 (9th Cir. 1995). A defendant

25   has acted under color of state law when he or she has "exercised power 'possessed by virtue of state law

26   and made possible only because the wrongdoer is clothed with authority of state law.'" *West v. Atkins*,

27   487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)); *Polk County v.*

28   *Dodson*, 454 U.S. 312, 317-318 (1981); *Johnson v. Knowles*, 113 F.3d 1114, 1117 (9th Cir.), *cert. denied*,

1  118 S.Ct. 559 (1997); *Vang v. Xiong*, 944 F.2d 476, 479 (9th Cir. 1991); *Shah v. County of Los Angeles*,

2  797 F.2d 743, 746 (9th Cir. 1986).  Generally, private parties are not acting under color of state law.  *See*

3  *Price v. Hawaii*, 939 F.2d 702, 707-708 (9th Cir. 1991).

4      The complaint names private party defendants which are unable to act under color of state law

5  or to exercise power possessed by virtue of state law.  There are no allegations that a defendant

6  conspired with a state official to deprive plaintiff of constitutional rights to constitute action under color

7  of state law.  Plaintiff appears unable to state a cognizable section 1983 claim under the facts set forth

8  in the complaint.

9                                **Malice**

10     This Court is concerned that plaintiff has brought this action in absence of good faith and

11  attempts to take advantage of cost-free filing to vex a defendant.  Such attempt provides further grounds

12  to dismiss plaintiff's complaint.

13                          **Attempt At Amendment**

14     Plaintiff is granted an opportunity to attempt to amend his complaint to cure deficiencies.

15  Plaintiff is further admonished that this Court's Local Rule 15-220 requires an amended complaint to

16  be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint

17  supersedes the original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  After the filing

18  of an amended complaint, the original pleadings serves no further function.  Thus, in an amended

19  complaint, each claim and involvement of each defendant must be sufficiently alleged.

20                          **CONCLUSION AND ORDER**

21     For the reasons discussed above, this Court:

22     1.    DISMISSES plaintiff's complaint and GRANTS plaintiff leave to amend;

23     2.    ORDERS plaintiff, no later than September 22, 2006, to file an amended complaint; and

24     3.    **Admonishes plaintiff that failure to file an amended complaint in compliance with**

25           **this order will result in a recommendation to dismiss this action for failure to obey**

26           **a court order**.

27     IT IS SO ORDERED.

28  **Dated:    August 16, 2006                    /s/ Lawrence J. O'Neill**

1  66h44d                              UNITED STATES MAGISTRATE JUDGE

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28