IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS GILBERT LAW,<br><br>        Plaintiff,<br><br>    vs.<br><br>KENNY BENITEZ, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. CV F 06-1061 OWW LJO<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION** |

## BACKGROUND

Plaintiff Carlos Gilbert Law ("plaintiff") is a state prisoner and proceeds pro se and in forma pauperis in this purported civil rights action. On August 14, 2006, plaintiff filed his original form 42 U.S.C. § 1983 complaint ("original complaint") to allege that defendant Kenny Benitez ("Mr. Benitez"), a Valero gas station clerk, assaulted plaintiff. The original complaint also named "Valero Gas Station Owners" as defendants and sought "money damages from each person held lible [sic]." This Court issued its August 17, 2006 order to dismiss plaintiff's original complaint on grounds that it failed to allege a cognizable claim and to establish this Court's jurisdiction and appeared intended to vex defendants.

1

On August 28, 2006, plaintiff filed his form amended complaint ("amended complaint") to appear to name Mr. Benitez and "Valero gas station owners" as defendants. This Court construes the amended complaint to attempt to allege civil rights claims under 42 U.S.C. § 1981 ("section 1981"). The amended complaint acknowledges that "defendants are not under color of state law" and alleges plaintiff was denied service "because of my race."

## DISCUSSION

### Standards For Screening

This Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). This Court must dismiss a complaint, or portion thereof, which "is frivolous, malicious or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1) and (2). Moreover, "[a] trial court may dismiss a claim sua sponte under Fed.R.Civ.P. 12(b)(6). . . . Such dismissal may be made without notice where the claimant cannot possibly win relief." *Omar v. Sea-Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987); *see Wong v. Bell*, 642 F.2d 359, 361-362 (9th Cir. 1981). Sua sponte dismissal may be made before process is served on defendants. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (dismissals under 28 U.S.C. § 1915(d) are often made sua sponte); *Franklin v. Murphy*, 745 F.2d 1221, 1226 (9th Cir. 1984) (court may dismiss frivolous in forma pauperis action sua sponte prior to service of process on defendants).

When a plaintiff proceeds in forma pauperis, a Court, notwithstanding any filing fee that may have been paid, shall dismiss a case at any time if the court determines the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. *See* 28 U.S.C. § 1915(e); 2 Schwarzer, Tashima & Wagstaffe, California Practice Guide: Federal Civil Procedure Before Trial (2006) Attacking the Pleadings, para. 9:226.1, pp. 9-69. A court need not accept as true factual allegations in in forma pauperis complaints and may reject "completely baseless" allegations, including those which are "fanciful," "fantastic" or "delusional." *Denton v. Hernandez*, 504 U.S. 25, 32, 112 S.Ct. 1728, 1733 (1992).

A claim is legally frivolous when it lacks an arguable basis either in law or fact. *Neitzke,* 490 U.S. at 325; *Franklin*, 745 F.2d at 1227-1228. A federal court may dismiss a claim as frivolous where

1 it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

The test for maliciousness is a subjective one and requires the court to "determine the . . . good faith of the applicant." *Kinney v. Plymouth Rock Squab Co.*, 236 U.S. 43, 46 (1915); *see Wright v. Newsome*, 795 F.2d 964, 968 n. 1 (11th Cir. 1986). A lack of good faith is found most commonly in repetitive suits filed by plaintiffs who have used the advantage of cost-free filing to file a multiplicity of suits. A complaint is malicious if it suggests an intent to vex defendants or abuse the judicial process by relitigating claims decided in prior cases. *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981); *Phillips v. Carey*, 638 F.2d 207, 209 (10th Cir. 1981); *Ballentine v. Crawford*, 563 F.Supp. 627, 628-629 (N.D. Ind. 1983); *cf. Glick v. Gutbrod*, 782 F.2d 754, 757 (7th Cir. 1986) (court has inherent power to dismiss a case demonstrating "clear pattern of abuse of judicial process"). A lack of good faith or malice also can be inferred from a complaint containing untrue material allegations of fact or false statements made with intent to deceive the court. *See Horsey v. Asher*, 741 F.2d 209, 212 (8th Cir. 1984).

A complaint, or portion thereof, may be dismissed for failure to state a claim if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99 (1957)); *see also Palmer v. Roosevelt Lake Log Owners Ass'n*, 651 F.2d 1289, 1294 (9th Cir. 1981). "[W]hen a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support claims." *Scheurer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 1688 (1974); *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).

As further explained below, the amended complaint demonstrates that plaintiff is entitled to offer no evidence for its vague, deficient claims.

**General Deficiencies**

F.R.Civ.P. 8 establishes general pleading rules and provides in pertinent part:

> (a) Claims for Relief. A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds

3

of jurisdiction to support it, (2) a short plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

. . .

(e)     Pleading to be Concise and Direct; Consistency.

(1)     Each averment of a pleading shall be simple, concise and direct.

A pleading may not simply allege a wrong has been committed and demand relief. The underlying requirement is that a pleading give "fair notice" of the claim being asserted and the "grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47-48, 78 S.Ct. 99, 103 (1957); *Yamaguchi v. United States Dept. of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997). Although a complaint need not outline all elements of a claim, "[i]t must be possible . . . for an inference to be drawn that these elements exist." *Walker v. South Cent. Bell Telephone Co.*, 904 F.2d 275, 277 (5th Cir. 1990); *Lewis v. ACB Business Service, Inc.*, 135 F.3d 389, 405-406 (6th Cir. 1998). Despite the flexible pleading policy of the Federal Rules of Civil Procedure, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). A plaintiff must allege with at least some degree of particularity overt facts which defendant engaged in to support plaintiff's claim. *Jones*, 733 F.2d at 649.

Plaintiff's amended complaint lacks a short, plain statement of this Court's jurisdiction. Although plaintiff proceeds on a form civil rights amended complaint, as discussed below, the amended complaint fails to satisfy section 1981 requirements. This Court surmises plaintiff refers to section 1981 as a subterfuge to attempt to invoke this Court's jurisdiction. The amended complaint establishes neither federal question jurisdiction under 28 U.S.C. § 1331 nor diversity jurisdiction under 28 U.S.C. § 1332. The amended complaint fails to allege elements of either a section 1981 or state tort claim to demonstrate plaintiff is entitled to relief.

Moreover, in personam jurisdiction is required when a judgment is sought as to a defendant personally. Personal jurisdiction is an essential element of a court's jurisdiction and without it, a court "is powerless to proceed to an adjudication." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 119 S.Ct. 1563, 1572 (1999). "Because a court without jurisdiction over the parties cannot render a valid judgement, [the court] must address Defendants' personnel jurisdiction argument before reaching the

merits of the case." *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1090 (10th Cir. 1998).

Federal courts lack nationwide personal jurisdiction and have no broader power over persons outside the state in which they sit than do local state courts. *Omni Capital Int'l v. Rudolph Wolff & Co., Ltd.*, 484 U.S. 97, 104-105, 108 S.Ct. 404, 410 (1987); *see* F.R.Civ.P. 4(k)(1)(A).

In addition to not establishing subject matter jurisdiction, the amended complaint fails to establish in personam jurisdiction over defendants. In the absence of subject matter or in personam jurisdiction, this Court is unable to proceed on plaintiff's amended complaint.

### Section 1981 Deficiencies

Plaintiff attempts to proceed under section 1981, which provides:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981(a).

Section 1981 addresses protection of a limited range of civil rights, including to make and enforce contracts, to sue and to give evidence. *Bell v. City of Milwaukee*, 746 F.2d 1205, 1232. "Racially motivated misuse of governmental power" falls in section 1981's ambit when one of the enunciated rights is denied. *Hall v. Pennsylvania State Police*, 570 F.2d 86, 91 (3rd Cir. 1978). Section 1981 is intended "to proscribe discrimination in the making or enforcement of contracts against, or in favor of, any race." *McDonald v. Santa Fe Trail Transp. Co.*, 427 U.S. 273, 295-296, 96 S.Ct. 2574 (1976).

The amended complaint fails to address section 1981 subject matter. The amended complaint does not address making or enforcing contracts, suing or giving evidence. The amended complaint fails to allege a section 1981 claim or an otherwise cognizable claim. A further attempt at amendment is not warranted.

### Malice

This Court is concerned that plaintiff has brought this action in absence of good faith and attempts to take advantage of cost-free filing to vex a defendant. Such attempt provides further grounds

to dismiss plaintiff's amended complaint.

## CONCLUSION AND RECOMMENDATION

Accordingly, this Court RECOMMENDS to DISMISS this action without prejudice on grounds that the amended complaint fails to satisfy pleading requirements and to allege a cognizable section 1981 or otherwise valid claim and appears intended to vex defendants.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b) and this Court's Local Rule 72-304.  No later than October 5, 2006, plaintiff may file written objections with the Court and serve a copy on the magistrate judge in compliance with this Court's Local Rule 72-304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will then review the magistrate judge's ruling pursuant to 28 U.S.C. § 636(b).   Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   August 30, 2006**            **/s/ Lawrence J. O'Neill**
66h44d                          UNITED STATES MAGISTRATE JUDGE